UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
2-19-2015
FEB 1 9 2015

Judge Edmond E. Chang
United States District Court

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 13 CR 36-4 |
| v. ) | |
| ) | Hon. Elaine E. Bucklo |
| MITKO MARGUIN ) | |

### SENTENCING AGREEMENT

This Sentencing Agreement between the United States Attorney for the Northern District of Illinois, ZACHARY T. FARDON, and the defendant, MITKO MARGUIN, and his attorney, LAWRENCE BEAUMONT, sets forth the parties' agreement with respect to sentencing, as more fully set forth below.

This Sentencing Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding defendant's sentencing. By this Sentencing Agreement, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, and the defendant, MITKO MARGUIN, and his attorney, LAWRENCE BEAUMONT, have agreed upon the following:

1. On February 13, 2014, defendant was named in a superseding information charging him with one count of wire fraud, in violation of Title 18, United States Code, Section 1343 (Count One), and one count of failure to appear, in violation of Title 18, United States Code, Section 3146(a)(1) (Count Two).

2. On February 14, 2014, pursuant to a written plea agreement, defendant pled guilty to Counts One and Two of the superseding information.

3. Now, pursuant to this Sentencing Agreement, defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding.

4. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this sentencing agreement, then the government shall recommend a sentence that includes a term of imprisonment in the custody of the Bureau of Prisons of 18 months. Defendant shall be free to recommend any sentence.

5. If the government concludes that defendant has not provided complete and truthful information, then Paragraph 4 of this agreement will be inoperative, both parties shall be free to recommend any sentence, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines. Defendant may not withdraw his plea of guilty because the government has failed to make a recommendation for a sentence of 18 months' imprisonment in the custody of the Bureau of Prisons.

6. Defendant understands that this Sentencing Agreement is a matter of public record and may be disclosed to any party and will become part of the record in this case.

7. Defendant normally has the right to appeal his conviction and sentence. However, by this agreement, defendant agrees to the following: Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, if the government recommends a sentence of 18 months' imprisonment, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of forfeiture or restitution, in exchange for the concessions made by the United States in this Agreement. In addition, if the government recommends a sentence of 18 months' imprisonment, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

8. Defendant understands that his compliance with each part of the Plea Agreement and the Sentencing Agreement extends throughout the period any pre-sentencing release and the sentence itself, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and may move to resentence defendant or require defendant's specific performance of this Agreement.

9. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Sentencing Agreement, to cause the defendant to enter into this Sentencing Agreement.

10. Defendant acknowledges that he has read this Sentencing Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Sentencing Agreement.

AGREED: 2/17/15

ZACHARY T. FARDON
United States Attorney

MITKO MARGUIN
Defendant

MATTHEW GETTER
Assistant United States Attorney

LAWRENCE BEAUMONT
Attorney for Defendant